# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, also known as RONALD SATISH EMRIT, and PRESIDENTIAL COMMITTEE/POLITICAL ACTION COMMITTEE/SEPARATE SEGREGATED FUND (SSF) NUMBER C00569897 d/b/a UNITED EMRITS OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>KIM KARDASHIAN, KRIS JENNER, KHLOE KARDASHIAN, KOURTNEY KARDASHIAN, ROBERT KARDASHIAN, JR., KENDALL JENNER, KYLIE JENNER, CAITLIN JENNER, KANYE "YE" WEST, LAMAR ODOM, and TRAVIS SCOTT,<br><br>Defendants. | Case No.: 3:25-cv-2695-JES-VET<br><br>**ORDER: (1) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915(E); AND (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On October 8, 2025, *pro se* Plaintiff Ronald Satish Emrit ("Plaintiff") filed the instant action against Defendants Kim Kardashian, Kris Jenner, Khloe Kardashian, Kourtney Kardashian, Robert Kardashian, Jr., Kylie Jenner, Caitlin Jenner, Kanye "Ye" West, Lamar Odom, and Travis Scott (collectively, "Defendants"), and filed a concurrent

1

motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and **DENIES** the motion to proceed IFP as moot.

## I.     BACKGROUND

Plaintiff alleges that Defendants have emasculated men as part of a liberal agenda and have brainwashed President Donald Trump. ECF No. 1 at 6. Plaintiff claims that the Kardashians and Jenners "have become a public nuisance." *Id.* at 8. Plaintiff states the elements of tortious interference with business relations. *Id.* Plaintiff states that Defendants are interfering with his family relations by not providing him with a Section 8 housing voucher under the Fair Housing Act and the Americans with Disabilities Act. *Id.* at 9. Plaintiff seeks 45 million dollars in damages, as well as injunctive relief requiring Defendants to provide him with a Section 8 housing voucher and enjoining Defendants from publishing false or defamatory information about President Trump or former president Bill Clinton. *Id.* at 9-10.

## II.     DISCUSSION

### A.    Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff cannot proceed with his claim because he does not have standing to do so. To bring suit in a federal court, a plaintiff must establish he has standing to pursue his claims under Article III of the United States Constitution. *Thistle v. New Hampshire*, No. 21cv02072-LL-BGS, 2022 WL 1445374, at *5 (S.D. Cal. May 6, 2022) (finding that *pro se* plaintiff did not adequately allege an injury-in-fact-sufficient to establish standing)

(citing U.S. Const. art. III and *Clapper v. Amnesty Int'l U.S.A.*, 568 U.S. 398, 408 (2013)). The burden of establishing standing falls on the plaintiff. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

"[T]o establish standing, a plaintiff must demonstrate (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id*. (internal quotations and citation omitted). Allegations of potential future harm are not sufficient to establish standing. *Clapper*, 568 U.S. at 409.

Here, Plaintiff argues that he was wrongfully denied a Section 8 Housing voucher, but does not state any facts tracing that injury to acts by any Defendant. Plaintiff does not state how he individually was injured by Defendants allegedly emasculating various public figures or by tortious interference with business relations. Further, Plaintiff cannot bring an action based on defamation on behalf of the President. Accordingly, Plaintiff lacks standing to bring this suit.

**B.    Motion to Proceed In Forma Pauperis**

Because Plaintiff does not have standing to sue based on the complaint, the Court **DENIES** his motion to proceed ("IFP") as moot.

//
//
//
//
//
//

### III. CONCLUSION

Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction due to Plaintiff's lack of standing. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed IFP is **DENIED** as moot. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED**.

Dated: October 20, 2025

Honorable James E. Simmons Jr.
United States District Judge